TAYLOR *v.* THE ROGER WILLIAMS INSURANCE COMPANY.

Where the insured, within the time limited, furnished the agent of the insured with the preliminary proofs of the loss, and they were received without objection to their sufficiency, and objections to the payment of the loss were afterwards put upon other grounds,—*held,* that the defects in the proofs must be regarded as waived.

*Held,* also, that the waiver would extend to the case where, instead of the certificate of the nearest magistrate, as the rules required, a certificate of a reputable citizen, not a magistrate, was received and assented to by the agent of the insurer as sufficient.

The instructions to the jury, that if the assent to this certificate was procured by the false representations of the insured there would be no waiver, were correct.

The opinion of a witness not an expert, as to the value of a stock of goods in a store, is not admissible; and whether he is an expert or not is a question of fact for the judge who tries the cause, and not subject to revision.

Assumpsit, by Charles C. Taylor against The Roger Williams Insurance Company, to recover the sum of $800, under the plaintiff's policy of insurance on his " general stock of merchandise in trade, consisting of the usual variety kept in a country store." Writ dated Aug. 20, 1869. The goods insured were consumed by fire, April 13, 1869, during the existence of the policy. Under the policy, notice of the loss was required to be furnished forthwith, and by the statute within thirty days.

It appeared in evidence, that soon after the fire (April 18, 1869) the plaintiff made out a schedule of his loss, and delivered the same to the agent of the defendant, B. M. Morrill, at his office in Tilton in this State, which he sent to the defendant, at Providence, Rhode Island. April 23, 1869, the plaintiff received the following letter :

" Sanbornton Bridge, N. H., April 23, 1869.
" Charles C. Taylor, Esq. :—

" Dear Sir : The Roger Williams Insurance Company require you to make up, in accordance with the terms of the policy, proofs of loss in due form; also, a statement of the goods he actually had at the time of the fire, giving the quality, quantity, and cost of each of the articles. Each article in the statement must be given in detail, with the number of packages, pounds, bushels, gallons, or dozens, as the case may be, and its cost. You will therefore read your policy, and then make your proofs and statement accordingly. You can, of course, make this easily, without my assistance, for you know it all. Please make the papers soon and forward them to me, and I will hasten the settlement.
" Yours truly,
" B. M. Morrill, Agent."

The policy provided, among other things, that in case of loss the insured should produce a certificate, under the hand and seal of a magistrate or notary public (nearest the place of the fire, not concerned in the loss as a creditor or otherwise, nor related to the insured), stating that he has examined the circumstances attending the fire, &c., and that he verily believes that the insured has, without fraud, sustained loss, &c., and that, until such proofs, declarations, and certificates are produced, &c., the loss shall not be payable. Upon the receipt of the aforesaid letter, the plaintiff made a declaration, under oath, in the usual form of preliminary proof, with a schedule annexed, giving in detail the quality, quantity, and cost of the goods consumed, substantially as requested in the aforesaid letter, to which was annexed a certificate, in the ordinary form of a magistrate's certificate, under oath, of one Alpheus C. Philbrook, who was an impartial citizen, living near the place of the fire, having means of information, and not being related to the insured, or a creditor, or otherwise interested. There was evi-

dence offered by the plaintiff tending to show that the aforesaid agent of the defendant was present when the aforesaid preliminary proof was made and executed, including the certificate of said Philbrook, and had full knowledge of the same, and that said Philbrook was neither a magistrate nor a notary public, and that said agent assented to the same. There was also evidence offered by the plaintiff tending to show that the aforesaid agent was a native citizen of the town in which the fire occurred, and had resided there nearly all his life; and at the time of the fire resided within a few miles of it, and was well acquainted in that vicinity. The aforesaid preliminary proof, upon its completion, was immediately delivered to the aforesaid defendant's agent, and was received by him without objection, he saying it was all right. On the seventh day of May, 1869, and after the defendant had received the aforesaid preliminary proof, the plaintiff received from said agent the following letter:

"SANBORNTON BRIDGE, N. H.,<br>
"Agency Roger Williams Insurance Company,<br>
"May 7, 1869.

"C. C. TAYLOR, ESQ. :—

"DEAR SIR: The secretary of the company writes me that 'when the proper time comes, they will visit Sanbornton Bridge and have the matter settled.'          Yours truly,

"B. M. MORRILL, Agent."

There was also evidence on the part of the plaintiff tending to show that the defendant never objected to this proof, as insufficient for the want of a magistrate's certificate, until long after the time for furnishing preliminary proofs had expired under the policy and under the statute. It further appeared in evidence, that the plaintiff met the agent at various times, and inquired what the defendant was going to do about his loss; to which the agent uniformly replied as he had written in the above letter. The defendant objected to the admission of this evidence as competent to be considered by the jury to show a waiver on the part of the defendant to a magistrate's certificate; but the evidence was admitted as competent for the jury to consider upon the question of waiver, and the defendant excepted. The defendant offered evidence tending to show that one L. K. Clough was a magistrate at the time when the aforesaid proof was made, and resided a short distance from the place of the fire; but the plaintiff denied that he had any knowledge that said Clough was a magistrate. The defendant moved the court to instruct the jury that if, under ordinary circumstances, the above letter could be construed to be a waiver, yet, if the defendant or its agent wrote the same in the belief that the plaintiff's representation that there was no justice of the peace at the place of the fire, and the affidavit of A. C. Philbrook on the same subject were true, that neither said letter nor any other acts of the defendant done under said belief would amount to a waiver of the defects in said preliminary proof. But the court instructed the jury that the question whether the defendant accepted the preliminary proof as sufficient, and waived any defect therein, was a question for them to decide upon all the evi-

dence in the case; that they had a right to consider and should consider whether there were any false representations, and also whether the defendant was misled by them, if there were any, and if they believed the defendant was induced to write the aforesaid letter in consequence of any false or fraudulent representation of the plaintiff, they should not regard it as a waiver, or as binding the company; but if they believed that the defendant or its agent had knowledge of the facts, and was not misled, they might regard it as a waiver, if they deemed it sufficient for that purpose. And the court further instructed the jury, that when the defendant received the aforesaid proofs, it was its duty to have notified the assured if it intended to object to them, and that not having done so was evidence that they might consider, as tending to show a waiver of all objections thereto; to which the defendant excepted.

It appeared in evidence that one Leonard K. Clough had been a resident of Union Bridge, the place of the fire, for a good many years, and had been in trade there in a country store for a considerable portion of that time, dealing in the same kind of goods that the plaintiff lost in said fire. The plaintiff commenced trade at Union Bridge, Feb. 9, 1869, having bought out one Veasey, who preceded him in the said store, and that said Clough assisted in invoicing the goods so purchased, at the time of said purchase; that a portion of these goods was burned, and for which the plaintiff makes claim in this suit; that he had made additions to them from time to time, previous to the fire, from purchases in Boston, Concord, and elsewhere; that said Clough had at several times, in the absence of the plaintiff, attended said store for him, and made some sales from the stock therein, up to about April 1, and that at other times he had been in the store evenings occasionally, and that he was in the store a short time on the evening preceding the fire.

The defendant asked said Clough, on the stand, the value of the goods which the plaintiff had in said store at the time of the fire.

The court rejected the evidence; to which the defendant excepted, but permitted the witness to describe the goods as to quality and quantity, so far as he knew.

The defendant proposed to ask said Clough to state the quantity of goods in said store at the time of the fire, as compared with the quantity there at the time of taking said invoice. The testimony was rejected, and the defendant excepted. The invoice made by Clough at the time the plaintiff purchased of Veasey was admitted.

The aforesaid Clough was also asked to state the value of the goods in the show-case at a particular time, which was some days preceding the fire, he not having made any invoice of them since the purchase by the plaintiff of Veasey, and in the meantime many additions having been made to them, and some sales from them by the plaintiff.

The court rejected the evidence, and defendant excepted, but permitted the witness to describe the goods at different times, as he saw them in the store and show-case.

It appeared in evidence that John Philbrook, a witness for the

·defendant, owned the store occupied by the plaintiff at the time of the fire, and that he had traded therein a little more than three years, in the same kind of goods, for the most part, with those of the plaintiff.

It appeared that the said witness had, a few times, and for a short time, attended the plaintiff's store, at his request, in his absence; that he was frequently in said store, days and evenings, and had sometimes taken care of the store when the plaintiff was at his meals, and in this way had a general acquaintance with the plaintiff's stock at the time of the fire.

The defendant proposed to ask the witness the value of the stock at the time of the fire; which was excluded, and the defendant excepted.

The defendant also proposed to ask the witness the value of the goods which he usually kept on hand in said store while in trade there, and how the quantity of his said goods compared with the quantity the plaintiff had in said store at the time of the fire; which was excluded, and the defendant excepted. The witness was permitted to describe both quantity and quality of the goods in detail, at different times, especially near the time of the fire.

It also appeared in evidence that the said Clough was a justice of the peace at the time of the fire, and had been since 1866; that he was the nearest justice, and had such an acquaintance with the plaintiff's stock of goods as the facts, herein stated as to him, would give him; and that the plaintiff had not applied to him to make a certificate as required by the language of the policy.

The defendant proposed to prove by him that, from his knowledge of the facts, he would not have certified to the amount of loss claimed by the plaintiff; which was excluded, and the defendant excepted.

The jury returned a verdict for the plaintiff, which the defendant moved to set aside for alleged errors in the exclusion of evidence, and in the instructions to the jury.

The policy, letters, writ, or any matter of record may be referred to by either party.

Some amendments were made to the case not necessary to be stated.

*Chase* and *Pike & Blodgett*, for the plaintiff.

*Rogers* and *Whipple*, for the defendant.

BELLOWS, C. J. There was evidence, we think, from which it was competent for the jury to find a waiver of a defect in the preliminary proofs.

The doctrine must be considered well established that, if the insured furnish the preliminary proofs within the time limited, and no objection is made to their sufficiency, but the objection to payment is put by the underwriter upon other grounds, all defects in such proofs will be regarded as waived. *Patrick* v. *Insurance Co.*, 43 N. H. 623, and cases cited.

The same doctrine was recognized and applied in *White* v. *Insurance Co.*, Hillsborough county, December term, 1868, where the defect was

the omission to obtain the certificate of the nearest magistrate, and the court held that the defect was waived by putting the objection to pay upon other grounds without pointing out the defect in the proofs; although in the policy there was a stipulation that nothing less than a distinct argreement endorsed on the policy should be construed as a waiver.

In a similar case the same rule was applied in Massachusetts. *Blake* v. *Exchange Mut. Ins. Co.*, 12 Gray 265.

The authorities in support of the general rule are very numerous. Angel on Ins., secs. 244–248; *Vos* v. *Robinson*, 9 Johns. 192; *Ætna F. I. Co.* v. *Tyler*, 16 Wend. 385, 401, 402; *Heath* v. *Franklin Ins. Co.*, 1 Cush. 257; *Clark* v. *N. E. F. I. Co.*, 6 Cush. 342.

This doctrine goes upon the ground that good faith and fair dealing require that if the underwriter intends to insist upon some formal defect in the preliminary proofs, he should call the attention of the insured to it, and not by his silence, or by setting up some other objection, throw him off his guard until it was too late to remedy the defect.

There is indeed a peculiar reason for such a rule in this class of cases. Many of the requirements for the preliminary proofs are somewhat formal in their character, and they require great care and no little experience to make them perfect; and, from the nature of the case, the insured must necessarily rely much upon the agents of the insurer.

There is an especial fitness, therefore, in applying the ordinary rule which requires objections to matters of form, which may be obviated, to be made at the earliest moment; otherwise insurance companies would very often defeat claims altogether meritorious, upon grounds purely technical.

In the case before us, the evidence tended to show that the preliminary proofs were delivered to the defendant's agent in due time, with a certificate of a reputable citizen, A. C. Philbrook,—not a magistrate, but in other respects qualified; that the agent was present when the proofs were made, and knew that Philbrook was not a magistrate, but assented to taking his certificate, and said it was all right; that no objection was made to the preliminary proofs until long after the time for making them had expired,—but, on the contrary, the agent gave the plaintiff to understand that the loss would be paid, when, by the terms of the policy, it became due.

The objection finally made was, that Philbrook was not a magistrate, though the defendant refused to recognize the plaintiff's claim at all.

The instructions of the court to the jury were sufficiently favorable to the defendant, and contained the substance of the defendant's request. As a whole, the instructions left it to the jury to determine on all the evidence whether there was or was not a waiver of this defect in the preliminary proofs; and this we think was right.

The opinion of witnesses as to the value of the entire stock of goods was offered, doubtless, on the ground that they were experts. It could be on no other. Whether they were experts or not, for this purpose,

was a question of fact to be determined by the judge who tried the cause; and his decision is not subject to revision here, that question not having been reserved.

The judge may very properly have found that they were not experts, qualified to give an opinion as to the value of the entire stock of goods, without knowing the kinds and quantities of which it was composed. And his decision is not to be revised by us. *Dole* v. *Johnson*, 50 N. H. 452.

The offer to show by Mr. Clough the quantity of goods in the store at the time of the fire as compared with the quantity when a certain invoice was made, was rightly rejected,—unless it is to be understood as excluding a general statement that there was a less quantity at one time than the other; but this could hardly be, as the witness was allowed to describe the goods, at different times.

We should rather understand the purpose of the question to be, to obtain the opinion of the witness as to the amount in value of the goods at the different times; and with this understanding of it, the inquiry was rightly rejected.

Proof that the magistrate nearest the fire would not have certified to the amount of the loss claimed by the plaintiff would not be material, except on the question of fraud in the plaintiff,—and not then, unless it was brought to his knowledge; and as it was not proposed to show such knowledge, the evidence was rightly rejected.

*Judgment on the verdict.*